UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| DEB FULA, | Civ. No.: 12-5071 |
| Plaintiff, | |
| vs. | FILED |
| SAFEWAY STORES, INC. | COMPLAINT |
| Defendant, | SEP 21 2012 |

COMES NOW the Plaintiff Deb Fula, by and through her attorney Charles Abourezk, and for her complaint, states and alleges as follows:

JURISDICTION, VENUE, AND PARTIES

1. This Court has subject matter jurisdiction pursuant to 42 U.S.C. § 2000e-5, 29 U.S.C. §§ 621 *et seq.*, 623 (a), 626 (c)(1), and 630, and 28 U.S.C. §§1331, 1343, 2201, and 1367 for supplemental South Dakota claims.

2. Both Plaintiff and Defendant are residents of or doing business in Rapid City, South Dakota, and venue is proper in this Court pursuant to 28 U.S.C. §1391.

3. Defendant is a division of a South Dakota corporation and/or operating under a South Dakota Certificate of Authority and doing business in South Dakota.

4. Defendant is engaged in an industry affecting commerce as defined under 29 U.S.C. § 630 (h) and has employed twenty or more employees for each working

day and each of twenty or more calendar weeks in the current or preceding calendar year and is an employer within the meaning of 29 U.S.C. § 630 (b).

5. Plaintiff timely filed written gender and age discrimination charges under oath with the Equal Employment Opportunity Commission ("EEOC") on or about January 6, 2011, and received a Dismissal and Notice of Rights from the EEOC on July 2, 2011, which is attached hereto as <u>Exhibit 1</u> and incorporated herein by reference.

6. Plaintiff was at all times pertinent to this action, including at the time of her termination, a fifty eight (58) year old female.

7. At all time relevant to this action, Plaintiff was an employee of Defendant Safeway, Inc., a national corporation in the grocery business authorized to conduct business in, and doing business in South Dakota, with more than 300 employees at its various stores.

8. Plaintiff worked at Defendant's Store #1554 located at 730 Mt. View Rd., Rapid City, Pennington County, South Dakota.

9. On or about August 4 or 5, 2010, Defendant terminated Plaintiff's employment, without advance notice, and she was escorted off the premises in the presence of some of her co-workers.

## GENERAL ALLEGATIONS

10. Plaintiff incorporates and alleges Paragraphs 1-9 as if set forth fully herein.

11. Plaintiff had worked for Safeway for over ten (10) years with her pay rate at the time of her termination being $10.40 per hour.

12. Upon information and belief, at the time of her termination, Plaintiff was due for a raise to $11.00 per hour, which was the top of the pay scale for clerks/cashiers allowed by Defendant at this store location.

13. Defendant was in the process of converting part of its checkout lanes, formerly, staffed by clerks including Plaintiff, to self-service lanes which would, upon information and belief, eventually lead to the reduction of clerks/cashiers and the reduction of staff.

14. Plaintiff was accused by Defendant of misusing store coupons which had been discarded by customers or which were given to her by other store employees in an amount of approximately $5.32. This accusation, and the purported basis for her termination, was later refuted by Plaintiff at her unemployment hearing before the South Dakota Department of Labor, which found factually that Plaintiff had not misused store coupons contrary to store policy and that Plaintiff had not committed "misconduct" and the Department upheld the award of unemployment benefits for Plaintiff. A copy of the decision of the South Dakota Department of Labor is attached hereto as <u>Exhibit 2</u> as incorporated herein by reference.

15. Her superiors and the store manager, all male, had her followed and observed in the store while Plaintiff was shopping in the Safeway store after work hours in

order to try to apprehend Plaintiff doing something against store policy.

16. Upon information and belief, at the time of her termination, the Defendant was looking to decrease the number of clerks, replacing them with self-checkout lanes both at Store #1554 and other such locations regionally and nationally.

17. As a result of Defendant's termination, Plaintiff has been forced to find new employment and take a position at a lower pay rate, and has suffered past and future loss of income, loss of health insurance and other benefits, in addition to damaging her employment history.

18. As a result of the manner in which Plaintiff was terminated, and the past and subsequent conduct of Defendant, Plaintiff has suffered embarrassment, humiliation, mental anguish, shame, and emotional pain and suffering and emotional distress, and damages that are of an ongoing and continuous nature.

## UNLAWFUL DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT AND THE AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C. § 633a (c) and 29 C.F.R. §§ 1614.407 and 1626.18

19. Plaintiff incorporates and alleges Paragraphs 1-18 as if set fully herein.

20. Plaintiff was treated differently than others similarly situated by Defendant's store manager, Tom Ryland, and other male employees of Defendant because of her gender and age, in violation of federal law and regulation prohibiting discrimination based upon gender and age.

21. Upon information and belief, Defendant's discriminatory behavior was part of a

custom, pattern and practice of unlawful harassment and discrimination of employees or are over 40 years of age and female.

22. Plaintiff was subjected to illegal discrimination on the basis of her sex, female, and her age, fifty eight (58) years old, at the time of the matters giving rise to this complaint by Defendant and its supervisors, representatives, and employees, all with the knowledge of Defendant, which either explicitly and/or implicitly authorized such discriminatory conduct, and/or created or allowed to be created, a hostile working environment for Plaintiff because of her age and sex.

23. As a natural consequence and result of the discriminatory acts against Plaintiff by Defendant and its employees including but not limited to the Store #1554 manager, assistant manager(s), and regional officials and employees of Defendant at regional offices in Colorado, Plaintiff was terminated from her employment.

24. Plaintiff timely filed a charge of discrimination against the Defendant with the Equal Employment Opportunity Commission based upon age and gender/sex and has exhausted all of her administrative remedies.

25. The hostile work environment created by Defendant for Plaintiff, and her subsequent wrongful termination, were based on discrimination because of Plaintiff's age and/or gender, in violation of 42 U.S.C. §2000e-2, the Age Discrimination in Employment Act, and other pertinent federal and South Dakota laws forbidding the same, which are raised herein and included under the

supplemental jurisdiction of this Court as more fully set forth in 28 U.S.C. § 1367, including SDCL § 20-13-10 and related provisions of South Dakota Codified Laws.

26. When Defendant knew or should have known of the illegal discrimination and discriminatory acts against Plaintiff, it took no appropriate remedial action, and in fact continued to intensify its illegal conduct toward Plaintiff, including opposing her application for unemployment benefits and implicitly or explicitly attempting to mobilize animus against her among her former co-employees, and utilizing the loss prevention staff of Defendant at one of it's regional officials in Colorado to further attempt to build an unlawful pretextual case against her, accusing her of defrauding her employer.

## DISPARATE IMPACT UPON PLAINTIFF'S GENDER AND AGE

27. Plaintiff incorporates and alleges Paragraphs 1-26 as if set fully herein.

28. Defendant maintains policies, programs, and classifications that impermissibly discriminate on the bases of gender and age and that such policies, programs and classifications have had a disparate impact upon the Plaintiff and other members of her gender and age, who are members of a protected class, in violation of federal law and regulation, including Title VII of the 1964 Civil Rights Act, as amended, and the Age Discrimination in Employment Act.

29. Plaintiff was qualified for her position with Defendant, she was upon information and belief replaced by a younger employee, Plaintiff's gender and age were a but-for cause of Plaintiff's termination, and the circumstances of the conduct by Defendant toward Plaintiff leading up to and upon her termination, and subsequent to her termination permit a reasonable inference of discriminatory animus.

WHEREFORE, Plaintiff prays for the following relief, in a total of at least $250,000.00, as follows:

A. An award of compensatory damages for loss of past, present and future income, employment and retirement benefits and out-of-pocket expenses, back pay and front pay, in an amount of at least $250,000.00, and prejudgment interest on said amounts.

B. A money judgment representing liquidated damages for Defendant's willful violations of federal law, include the Age Discrimination in Employment Act and Title VII of the 1964 Civil Rights Act, as amended, if available under the law.

C. An award of damages for past and future emotional pain and suffering, embarrassment, humiliation, mental anguish, and emotional distress, in an amount allowed by law to be determined by the jury.

D. Declaratory judgment that the Defendant has violated Plaintiff's rights under the Age Discrimination in Employment Act and Title VII of the 1964 civil Rights Act, as amended, and that Defendant's policies, programs and classifications have had a disparate impact upon the Plaintiff and other members of her gender and age who are or have been employed by the Defendant.

E. A permanent injunction prohibiting Defendant and its employees, agents, officers, representatives and servants from discriminating on the basis of age and gender in its workplace.

F. Reasonable attorney fees as provided by law;

G.  Costs and disbursements; and

H.  Any other relief the Court deems equitable and just.

Dated this 21st day of September, 2012.

>ABOUREZK & ZEPHIER, P.C.
>
>BY: _____
>Charles Abourezk
>PO Box 9460
>Rapid City SD 57709-9460
>(605) 342-0097
>*Attorney for Plaintiff*

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY